SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| PING JIANG, | ) | No. C 07-3909 CRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DEFENDANTS' RESPONSE IN |
| | ) | SUPPORT OF **EX PARTE** MOTION |
| MICHAEL CHERTOFF, Secretary, | ) | PURSUANT TO FED. R. CIV. P. 56(f), |
| Department of Homeland Security; | ) | |
| ROBERT S. MUELLER, Director of the | ) | |
| Federal Bureau of Investigation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.    INTRODUCTION

Plaintiff opposes Defendants' Rule 56(f) Motion, arguing that his Motion for Summary Judgment is not premature. He suggests that the facts of the case at hand are simple, and that accordingly, Defendants have had sufficient time in the past six weeks to investigate his claims. Plaintiff's arguments are without merit. While the facts may appear simple to him, Defendants simply have not been accorded sufficient time to investigate his claims, and should not be forced to defend themselves two weeks prior to the date an answer is due.

## II.    ANALYSIS

Plaintiff cites several cases from this District in support of his argument that relief should be granted solely on the length of delay. In particular, he cites <u>Gelfer v. Chertoff</u>, No. 06-06724

REPLY IN SUPPORT OF EX PARTE MOTION
C 07-3909 CRB

1    WHA, 2007 WL 902382 (N.D. Cal. Mar. 22, 2007); however, that case does not support his

2    argument. Judge Alsup specifically noted that it was inappropriate, at the dismissal stage, to decide

3    whether the delay was unreasonable. 2007 WL 902382, at *2. The other two cases Plaintiff cites

4    involved much lengthier periods of delay. Singh v. Still, 470 F. Supp. 2d 1064 (N.D. Cal. 2007);

5    Aboushaban v. Mueller, No. C 06-1280 BZ, 2006 WL 3041086 (N.D. Cal. Oct. 24, 2006). Here,

6    Defendants must be allowed sufficient time to investigate the nature of the alleged delay.

7        Defendants have clearly indicated, through the declaration of undersigned counsel, that they

8    require additional time in order to fully defend themselves in this action. Plaintiff also suggests that

9    "Defendants have failed to indicate that they are without fault in creating the crisis that requires ex

10   parte relief." Undersigned counsel learned that Plaintiff's counsel intended to file motions for

11   summary judgment on a number of cases, and attempted to dissuade him from doing so, explaining

12   that courts disfavor such early Rule 56 motions. See Exh. A. Plaintiff's counsel did not attempt to

13   negotiate a more reasonable briefing schedule, and instead, filed the motion for summary judgment

14   at issue just twenty-four hours later. See Exh. B. The date he noticed would require Defendants to

15   defend themselves before even having an opportunity to answer the Complaint. Thus, Plaintiff

16   created the situation requiring Defendants to file the instant Rule 56(f) Motion.

17       Plaintiff asks the Court to require Defendants to state with particularity what evidence might

18   exist that would allow them to defend their claims. Defendants cannot describe what they do not

19   know, and what they have not been afforded an opportunity to discover. Indeed, at this juncture,

20   Defendants do not even know how they will respond to the allegations in the Complaint. Plaintiff

21   is correct in one regard: cases such as the case at hand do not require lengthy discovery schedules.

22   However, Defendants must be provided an opportunity to investigate and defend against Plaintiff's

23   claims.   See Harris v. City of Seattle, 315 F. Supp. 2d 1112, 1120 (W.D. Wash. 2004)

24   (characterizing as early a motion filed before defendants had an opportunity to pursue discovery and

25   obtain necessary defensive evidence).

26       Moreover, Defendants do not ask for an unreasonable amount of time. Defendants have

27   proposed a schedule that is in accordance with past practice, calculated from the date of the Case

28   Management Conference, and within the Court's calendar of availability. Plaintiff's proposed

REPLY IN SUPPORT OF EX PARTE MOTION
C 07-3909 CRB                    2

schedule denies Defendants the process that is due to them. Defendants have established good cause for extending the hearing schedule.

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to refuse Plaintiff's Motion for Summary Judgment, or continue the hearing date to January 4, 2008.

Dated: September 14, 2007                          Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


_____/s/_____
MELANIE L. PROCTOR
Assistant U.S. Attorney

REPLY IN SUPPORT OF EX PARTE MOTION
C 07-3909 CRB                          3