1  JUSTIN X. WANG (CSB #166183)
   PEGGY A. SHIH (CSB #197545)
2  **BAUGHMAN & WANG**
   111 Pine Street, Suite 1350
3  San Francisco, California 94111
   Telephone: (415) 576-9923
4  Facsimile:  (415) 576-9929

5  Attorneys for Plaintiff
   PING JIANG

6                    UNITED STATES DISTRICT COURT

7                  NORTHERN DISTRICT OF CALIFORNIA

8                     SAN FRANCISCO DIVISION

9

   PING JIANG                        )   Case No.: C 07-3909 CRB
10                                    )
                                      )
11                                    )
                  Plaintiff,          )
12                                    )   **REPLY TO DEFENDANTS'**
   vs.                                )   **OPPOSITION TO PLAINTIFFS'**
13                                    )   **MOTION FOR SUMMARY JUDGMENT**
   MICHAEL CHERTOFF, Secretary of the )   **AND OPPOSITION TO DEFENDANTS**
14 Department of Homeland Security;   )   **CROSS MOTION FOR SUMMARY**
   ROBERT S. MUELLER,                 )   **JUDGMENT**
15 Director of Federal Bureau of Investigation )
                                      )   Date: November 30, 2007
16                Defendants.         )   Time: 10:00 a.m.
                                      )
17

18        Plaintiff filed a motion for summary judgment for hearing on September 7, 2007.

19 Defendants filed opposition and cross-motion for summary judgment on November 2, 2007.

20 Plaintiffs herein file their reply to Defendants' opposition.  Plaintiff is entitled to summary

21 judgment as a matter of law because Defendants have failed to act reasonably as a matter of law.

22        Plaintiff has complied with the requirements under Section 245 of the Immigration and

23 Nationality Act and 8 U.S.C. §1255 for adjudication of his adjustment of status application and

24 Defendants do not contest that Plaintiff has met all the statutory requirements for adjustment of

25 status.  Defendants contend that it is the FBI name check that is cause for delay and that delay in

26 not unreasonable.  However, if security concerns are indeed a top priority, it would follow that

27 name checks should be completed as soon as expediently possible rather than be pending

28 indefinitely as they have in this case.  Furthermore, although no time frame exists on the face of

---

Case No.: C 07-3909 CRB
PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MSJ       F:\Peggy\immigration\mandamus\JIANG, Ping\reply to MSJ opp.wpd

1   the statute, Defendants do not have the discretion not to carry out their duties as delegated to

2   them by Congress, namely to make a decision on Plaintiff's adjustment of status application.

3       Not only does the USCIS have a non-discretionary duty to adjudicate Plaintiff's

4   adjustment of status application, the FBI has a clear, non-discretionary duty to complete the name

5   check.  The FBI name check is a security check utilized by the USCIS to investigate the

6   background of applicants.  *Toor v. Still*, 2007 WL 2028407, at *1 (N.D. Cal. 2007).  The FBI

7   operates under a direct and specific statutory mandate whereby it is required to act on, and

8   provide information in response to requests from other federal agencies, including the USCIS.

9   Section 28 U.S.C. § 534(a)(4) provides that, under the direction of the Attorney General, the FBI

10  shall "exchange such records and information with, and for the official use of, authorized

11  officials of the Federal Government... ."  Furthermore, "the Director of the Federal Bureau of

12  Investigation shall provide the Department of State and the Services [USCIS] access to the

13  criminal history record information contained in the National Crime Information Center's

14  Interstate Identification Index (NCIC-III), Wanted Person File, and to any other files maintained

15  by the National Crime Information Center." 8 U.S.C.  § 1105(b)(1).  *See Singh v. Still,*  470 F.

16  Supp. 2d 1067, 1068 (N.D. Cal. 2007).  Moreover, the FBI must make a diligent presentation of

17  updated information to USCIS.  Section 8 U.S.C. § 1105(3) provides that "The Federal Bureau of

18  Investigation shall provide periodic updates of the extracts at intervals mutually agreed upon with

19  the agency receiving the access."  As a whole, these statutory provisions provide a direct and

20  unequivocal mandate to the FBI to provide current information to USCIS.  The Defendant FBI

21  therefore operates under a direct statutory mandate to provide information upon request from

22  federal agencies without unreasonable delay.  Plaintiff is simply requesting that Defendant FBI

23  carry out functions as delineated by Congress and at the specific request of USCIS.

24      Although there is no specified deadline within 8 U.S.C. § 1105(3), a name check request

25  should be completed within a reasonable time.  This time requirement can be paralleled to the

26  interpretation of 8 U.S.C. § 1255, whereby it has been determined by adjudication that an agency

27  must act within a reasonable time despite the fact that no specific time appears on the face of this

28

---

Case No.: C 07-3909 CRB
PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MSJ        2    F:\Peggy\immigration\mandamus\JIANG, Ping\reply to MSJ opp.wpd

statute. *Yu,* 36 F. Supp. 2d at 932; *Agbemaple v. Ins.*, No. 97 C 8547, 1998 WL 292441, at *2 (N.D. Ill. 1998). The lack of a specified deadline within the statute does not lessen Defendants duty to Plaintiff to adjudicate his petition. *Razaq v. Poulous*, 2007 WL 61844, at *4 (N.D. Cal. Jan. 8, 2007)("The fact that neither the statute nor regulations establish a specific deadline does not change the character of the duty itself ... Congress expected the executive branch to receive applications of this kind and then to 'adjudicate' them to decision."). Furthermore, a general timing provision for agencies is provided within the APA at 5 U.S.C. § 555(b), which states that agency action should be concluded within a reasonable time. *See Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir. 1999). The FBI has a mandatory duty and obligation to act within a reasonable period of time. 5 U.S.C. § 555(b). Allowing the Defendant FBI an unlimited amount of time to process a name check request would be contrary to the "reasonable time" frame mandated under 5 U.S.C. § 555(b) and 5 U.S.C. § 706(1) and thus could ultimately negate the Defendant FBI's duty under 8 U.S.C. § 1105. *Dong v. Chertoff*, 2007 WL 2601107, at *11 (N.D. Cal. Sept. 6, 2007)(under the APA, a court "shall" compel agency action unlawfully withheld or unreasonably delayed); *Gelfer v. Chertoft*, 2007 WL 902382, at *2 (N.D. Cal. March 22, 2007)(allowing the respondents a limitless amount of time to adjudicate petitioner's application would be contrary to the "reasonable time" frame mandated under 5 U.S.C. § 555(b) and, ultimately, could negate the USCIS's duty under 8 C.F.R. 245.2(a)(5)).

The Defendants contend that one of the reasons for the delay of the name check is due to the volume of requests that the FBI receives. Defendants' Cross Motion for Summary Judgment, p. 4. However, no specifics are offered with respect to the delay in Plaintiff's case, whether there is a "hit," commonality of name issues, etc. Defendants' argue that the delay is reasonable simply because of the number of outstanding name check requests. This Court in *Singh* asserted that "mere invocation of national security is not enough to render agency delay reasonable per se." 470 F.Supp.2d at 1069, *See also Fu v. Gonzales*, 2007 WL 1455873, at *3 (N.D.Cal. May 17, 2007)("this Court also concurs that simply asserting a need to await results of an FBI name check does not suffice to show the delay was reasonable as a matter of law"). Defendants

1  attempt to place the blame solely on the FBI or to use security concerns as way to end the inquiry

2  into the evaluation of reasonableness.  Furthermore, this Court recently asserted that it "is not in a

3  position to relieve the Defendant of their obligation to comply with their mandatory duties."

4  *Dong*, 2007 WL 2601107, at *11.  Defendants have failed to provide specific evidence as to why

5  the name check has not been completed or whether Defendants are diligent in trying to complete

6  the name check.

7      Defendants further allege that Plaintiff in essence seeks to force the FBI to act in a more

8  expeditious manner.  Defendants' Cross Motion for Summary Judgment, p. 8.  However,

9  Plaintiff is not seeking to jump ahead of others, but merely that the Defendant FBI fulfill their

10  duty to act on the name check.  Without the relief of mandamus, the FBI could withhold or fail to

11  complete a name check request indefinitely.  *See Dong*, 2007 WL 2601107, at *12 (these

12  Plaintiffs have more than "waited their turn," having seen millions of later-filed applications

13  processed before theirs).

14      In a mandamus case decided before this Court, where an FBI check caused a delay in

15  processing, the Court granted summary judgment compelling the defendants to adjudicate two I-

16  485 applications.  *Singh,*  470 F. Supp. 2d at 1068.  The Court asserted that even though the FBI

17  was not directly named in the mandamus suit, its conduct would properly be within the scope of

18  the complaint if it were determined that it was largely responsible for the delay.  The Court

19  asserted that the critical issue "is not whether a particular branch of federal government is

20  responsible for the delay; it is whether the individual petitioner versus the government *qua*

21  government is responsible."  *Id. See Paunescu v. INS*, 76 F.Supp.2d 896, 903 (N.D. Ill. 1999)

22  (rejected the defendants' attempt "to deftly transfer blame and responsibility from one

23  government entity to another" as a "shell game" because "the INS, the FBI, and the State

24  Department are all arms of the United States of America.").  This Court ultimately determined

25  that both the USCIS and FBI had a duty to process name checks within a reasonable time.  *Singh,*

26  470 F. Supp. 2d at 1068.

27      The Defendants have a statutorily prescribed duty to adjudicate adjustment of status

28

1    applications and conduct a name check request "within a reasonable time." Plaintiff is not

2    seeking to compel action over *how* Defendants process the adjustment of status application, what

3    Defendants call "pre-adjudication," but simply to compel action on their non-discretionary duty

4    to *take* action.

5        Mandamus relief in adjustment of status cases, such as this one, can be granted due solely

6    to the length of the delay. In a case before this district, Judge Alsup found that a more than two

7    year delay to be unreasonable as a matter of law. *Gelfer v. Chertoff*, 2007 WL 902382 at *2 (N.D.

8    Cal. March 22, 2007). Even without a statutory timetable, reasonableness of delay can be

9    determined through various means, including the application of the *Telecommunications Research*

10   *& Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C.Cir. 1984) (*TRAC*) factors and consideration of the

11   reasons for the delay, complexity of the case, and the agency's own average processing times[1].

12       Plaintiff can demonstrate that Defendants have a mandatory non-discretionary duty to

13   adjudicate his adjustment of status application and to complete the name check. Plaintiff filed his

14   case 35 months ago. Mandamus relief is warranted here because there is no indication of good

15   faith efforts by Defendants to alleviate the delay. Defendants have not proffered any evidence

16   demonstrating that Plaintiff is not eligible for adjustment of status or that national security

17   concerns are implicated specifically in relation to Plaintiff's case. Using the catch-all of "security

18   concerns," does not alleviate Defendants duty to act within a reasonable time as required from

19   them under the Administrative Procedures Act (APA), 5 U.S.C. §§ 555(b) and 706(1).

20                                    **CONCLUSION**

21       For the reasons set forth herein, Plaintiff respectfully requests that the Court grant

22   summary judgment as a matter of law in favor of the Plaintiff because the Defendants have

23   unreasonably delayed in adjudicating Plaintiff's adjustment of status application.

24

25

26

27       [1]Defendants contend that these processing times refer to applications within routine name

28   checks and do not apply to the case at hand but fail to indicate why Plaintiff's application does
     not fall under "routine name checks". Defendants' Cross Motion for Summary Judgment, p. 8.

1  DATED: November 8, 2007                    Respectfully submitted,

2

3                                            _____/s/_____

4                                            Justin X. Wang
                                             Attorney for Plaintiff
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28